O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CV 13-01750 DDP (FFMx) |
| Plaintiff, | ) ) | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |
| v. | ) ) | [DOCKET NUMBER 15] |
| STACEY D. SMITH, | ) ) | |
| Defendant. | ) ) | |

Presently before the Court is Plaintiff's unopposed Motion for Summary Judgment. Having considered Plaintiff's submission, the Court adopts the following order.

**I. BACKGROUND**

Defendant took out two student loans: one from Great Western and one from SallieMae Student Loan Marketing Association ("SallieMae"). The promissory notes were signed on July 24, 1989 and November 29, 1990, respectively. (Decl. Philippe Guillon, Ex. 3.) A loan in the amount of $4,000 was disbursed by Great Western on December 13, 1989. (Id., Ex. 1.) A loan in the amount of $48,939.18 was disbursed by SallieMae on February 7, 1991. (Id., Ex. 2.) The loans were insured by private parties and then

reinsured by the United States Department of Education under Title IV-B of the Higher Education Act of 1965.  (<u>Id.</u>, Exs. 1 & 2.) Defendant defaulted on the loan from Great Western on April 14, 1996, and on the loan from SallieMae on September 14, 1995.  (<u>Id.</u>) As reinsurer, the Department of Education ultimately took title to the loans in 2009.  (<u>Id.</u>)  The United States now seeks to collect on the debt.

    In this motion, Plaintiff seeks summary judgment on its Complaint, alleging that Defendant owes Plaintiff the above sums plus interest.

## II.  LEGAL STANDARD

    A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e).  The court may also "grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it."  <u>Id.</u>

    "In determining any motion for summary judgment . . . the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are . . . controverted by declaration or other written evidence filed in opposition to the motion."  LR 56-3.

///

**III. DISCUSSION**

Plaintiff presents uncontroverted evidence that Defendant took out two loans as described above, in the form of copies of the promissory notes for the loans. (Decl. Philippe Guillon, Ex. 3.) Plaintiff also presented uncontroverted evidence that Defendant defaulted on the loans, in the form of sworn statements from a loan analyst at the Department of Education. (Id., Exs. 1 & 2.) As such evidence is credible and sufficient to show the above facts, the Court grants summary judgment on the factual issues of the existence of the loan and Defendant's default.

As to the amount in question, the sworn statements from the Department of Education show that as of March 16, 2011, the total amounts owed on the loans were $10,028.99 and $137,079.40. (Id.) The same documents show that interest accrues on the Great Western loan at a rate of $0.53/day, and on the SallieMae loan at a rate of $15.07/day. (Id.) The daily rate on the Great Western loan may be modified by the Department of Education. (Id., Ex. 1.) In a separate sworn declaration, the loan analyst affirms that the current daily rate on that loan is $0.50/day. (Guillon Decl. ¶ 7.) The analyst declares that, with the adjusted rate taken into account, the amount due on the loans was $167,796.88 as of Nov. 4, 2014, but interest continues to accrue. (Id. at ¶ 6.) The Court therefore grants Plaintiff summary judgment on the factual question of the total amount owed.

**IV.   CONCLUSION**

The motion for summary judgment is GRANTED. Judgment is GRANTED in the amount of $167,796.88, plus interest from November 4, 2014 until the judgment is paid, in the amount of $0.50/day as

3

1  to the Great Western loan and $15.07/day as to the SallieMae loan.
2  The Court further grants attorney's fees in the amount of $2,200.00
3  and costs in the amount of $459.00.
4
5  IT IS SO ORDERED.
6
7
8  Dated: December 19, 2014
                                              DEAN D. PREGERSON
9                                            United States District Judge

4